Thomas **ROCHA, Jr.,** Intervenor,

v.

**M.M. AHMAD et ux., Janet Ahmad, Appellees.**

No. 04–82–00245–CV.

Court of Appeals of Texas, San Antonio.

Nov. 9, 1983.

## OPINION

CADENA, Chief Justice.

This cause was set for oral argument before a panel consisting of Associate Justices Esquivel, Reeves and Tijerina. Appellant has filed a motion "to recuse or disqualify Associate Justices Esquivel and Tijerina."

Appellant's motion is based on the allegations that the two challenged Justices have

[I]n the past, received political contributions of many thousands of dollars from or through the Law Office of Pat Maloney, P.C. (attorney for appellees). Additionally, 'victory' celebrations have been held at the law offices of Pat Maloney for

said Justices after they had been elected to the Fourth Court of Appeals. Furthermore, the local newspapers have on numerous occasions during the past four years made reference to the political power and influence of Pat Maloney on judges.

Appellant further alleges that in this case the actions of "Pat Maloney as attorney of record for defendants Ahmad [appellees] and in settling the case without the consent of [appellant], who had previously been attorney of record for [appellees] and who had intervened for his attorney's fees are very much in question."

After asserting that the challenged judges should recuse themselves or be disqualified "in view of the provisions of the Texas Code of Judicial Conduct, Canons 2 and 3", appellant urges that this motion "should not be ruled upon by" this Court "but should be referred to the Supreme Court of Texas, in a manner similar to what is done under art. 200a, V.A.T.S. when a motion to recuse a district judge is filed and the motion is sent to the presiding judge of the Administrative Judicial District."

Canon 2 of the Code of Judicial Conduct provides that (A) a judge should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary; and (B) should not allow his family, social or other relationships to influence his judicial conduct or judgment, nor should he lend the prestige of his office to advance the private interests of others or convey or permit others to convey the impression that they are in a special position to influence him. The only provision of Canon 3 which may be applicable is that which enjoins a judge to be faithful to the law and remain unswayed by partisan interests, public clamor or fear of criticism.

We find nothing in the canons cited by appellant which would require that either Associate Justice Esquivel or Associate Justice Tijerina not sit in this case. This is not a case where the contributions of "many thousands of dollars" were made by a party to the litigation. Under our system, which requires that candidates for judicial office stand for election, it is necessary, unfortunately, that candidates for judicial office seek contributions for the purpose of defraying all or part of the expense of what is, in reality, a political campaign. Such a candidate in a contested race must spend substantial amounts of money, particularly where, as is the case of one seeking election to this appellate bench, he is forced to campaign in 32 counties.

■ It is not surprising that attorneys are the principal source of contributions in a judicial election. We judicially know that voter apathy is a continuing problem, especially in judicial races and particularly in contests for a seat on an appellate bench. A candidate for the bench who relies solely on contributions from nonlawyers must reconcile himself to staging a campaign on something less than a shoestring. If a judge cannot sit on a case in which a contributing lawyer is involved as counsel, judges who have been elected would have to recuse themselves in perhaps a majority of the cases filed in their courts. Perhaps the next step would be to require a judge to recuse himself in any case in which one of the lawyers had refused to contribute or, worse still, had contributed to that judge's opponent.

■ Even if it be assumed that Canons 2 and 3 have the force of law,[1] they present no impediment to the participation of Justices Esquivel and Tijerina in this case.[2]

1. See Maxey v. Citizens National Bank of Lubbock, 489 S.W.2d 697, 703 (Tex.Civ.App.—Amarillo 1972), rev'd on other grounds, 507 S.W.2d 722 (Tex.1974) holding that the Code of Judicial Conduct which had been adopted by the American Bar Association but not, at the time of the decision, in Texas, did not have the force of law, "particularly where they would

contravene the clear concepts of the constitution."

2. Article 5, § 11 of our state constitution prohibits a judge from sitting in any case in which he may be interested, or where a party is related to the judge by consanguinity or affinity in the degree prescribed by law, or when he shall have been counsel in the case. TEX.REV.CIV.

We find no statutory provisions, similar to those found in TEX.REV.CIV.STAT. ANN. art. 200a (Vernon 1969 and Supp. 1982–1983), which provide for the hearing of appellant's motion by another judge or another Court of Appeals. The purpose of the procedure established by art. 200a is to insure that the challenged judge does not sit in judgment of what may be regarded as his own case. The underlying purpose of that statute is served where the members of this Court whose impartiality is not in issue dispose of the motion to recuse or disqualify without the participation of the judge or judges whose qualifications are challenged. In this case, five of the seven members of this Court, to the exclusion of the two challenged judges, are unanimous in holding that appellant's motion should be denied.

The motion to disqualify Associate Justice Esquivel and Associate Justice Tijerina is overruled.

STAT.ANN. art. 15 (Vernon 1969), tracks the constitutional relationship which disqualifies. The grounds enumerated in the constitution and statute are mandatory, inclusive and exclusive. *Love v. Wilcox,* 119 Tex. 256, 28 S.W.2d 515 (1930); *Maxey v. Citizens National Bank of Lubbock, supra,* n. 1 at 702.

In this case there is no assertion that the challenged Justices are related to any party in the case, nor does appellant assert that either has been counsel in the case. There remains, therefore, only the question of whether they are disqualified because of "interest." It is not contended that Justice Esquivel or Justice Tijerina may gain or lose anything of a pecuniary nature, capable of an estimated value, by reason of the judgment which may be rendered in the case. Therefore, neither of the challenged justices is disqualified on the ground that he may "be interested" in the case. *Maxey v. Citizens National Bank of Lubbock, supra,* n. 1 at 702.

While the challenged judges might properly refuse to sit in this case, in the absence of a legal disqualification they are not compelled to do so.