PLAINS INSURANCE
COMPANY, Appellant,

v.

Jackie I. EVANS, Appellee.

No. 2–84–215–CV.

Court of Appeals of Texas,
Fort Worth.

July 3, 1985.

Oster & Kaufman and Aaron S. Kaufman and Herbert Garon, Jr., Dallas, for appellant.

R.G. Guthrie, Forth Worth, James E. Forbis, Decatur, for appellee.

JORDAN, ASHWORTH and HOPKINS, JJ.

## OPINION

HOPKINS, Justice.

This is a suit brought under the personal injury protection provisions of an automobile insurance policy. Appellee, Jackie Evans, recovered from appellant, Plains Insurance Company, a jury award of $2,500 reimbursement for medical expenses and $7,500 attorney's fees. Plains assigns nine points of error.

We affirm.

In point of error one, Plains states that the trial court erred in failing to grant its motion for judgment notwithstanding the verdict. The reason given is there was no evidence that Evans gave written proof of loss as required by the policy. In point of error nine, Plains urges the trial court erred in failing to grant leave for Plains to file a trial amendment to correct the defect in verification of the denial of written proof of loss. These contentions are without merit.

▇▇▇ It is undisputed that the policy requires written proof of loss, and there was no evidence offered showing compliance with the provision. However, an allegation that proof of loss has not been given must be verified or it is waived as a defense. *See* TEX.R.CIV.P. 93(12). The affidavit attached to Plains' amended petition failed to verify the allegation pertaining to no proof of loss having been given. Therefore, Plains cannot now complain of the lack of evidence of proof of loss.

▇▇▇ Furthermore, Evans' failure to specially except in writing to Plains' unverified pleadings does not cause the lack of verification to be waived under TEX.R.CIV.P. 90 because under the terms of rule 90, failure to specially except to a defective pleading operates as a waiver of the defect only against a party seeking reversal on such account. *Goodman v. Art Reproductions Corporation,* 502 S.W.2d 592, 594 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r. e.). Since Evans, the party who should have specially excepted, is seeking affirm-ance rather than reversal, her failure to specially except to the lack of verification does not waive the defect as a bar to the defense of no proof of loss.

We must now consider whether it was reversible error for the trial court to refuse Plains' request to file a trial amendment that would correct its failure to verify the allegation of no written proof of loss. Plains contends that Evans' claim of surprise is unfounded because previous pleadings had contained proper verification and the failure of verification in their last answer was a typographical error or oversight. Evans contended she construed the failure to verify as conceding the allegation was not a serious one and had been abandoned. Evans argued she had the right to rely on the pleadings on file in her preparation for trial.

▇▇▇ Suit was originally filed in May, 1980; was removed to Federal court under diversity jurisdiction; was dismissed and refiled in State court in the amount of exactly $10,000; was again removed to Federal court and was remanded to the State court for lack of minimal amount in controversy. Plains filed a plea of privilege which was denied. Appeal was taken and this court affirmed the trial court's ruling. Various other pretrial matters were heard and in the order granting Plains' motion for continuance the trial court was specific that all pretrial matters were to be disposed of prior to trial and the case was specially set for trial for June 11, 1984. On the first day of trial, Plains requested leave to amend its pleadings. The request was denied. Amendments to pleadings may not be filed within seven days of trial unless leave of court is granted. Leave shall be granted unless the amendment will operate as a surprise to the opposite party. TEX.R.CIV.P. 63. The trial court should freely allow trial amendments to correct defects or omissions in pleadings unless the court is satisfied that to do so would prejudice the objecting party's maintenance of the action. TEX.R.

CIV.P. 66. Thus, to grant or deny leave to file a trial amendment is within the sound discretion of the trial judge and the decision should not be disturbed without a clear showing of abuse of discretion. *City of Houston v. Riggins,* 568 S.W.2d 188, 194 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r. e.). In viewing the age and history of the case, the court's order specially setting the case for trial and Evans' reliance on the failure of verification of the pleadings as constituting an abandonment of the defense of no written proof of loss, we hold there was no abuse of discretion in denying leave to file the trial amendment. Plains' points of error one and nine are overruled.

By points of error two, six and seven, Plains complains of the $7,500 attorney's fees awarded Evans. Point of error two states there was no evidence of demand for payment having been made by Evans 30 days prior to filing suit as required by the Insurance Code of Texas. We disagree.

■ In determining a "no evidence" point, we are to consider only the evidence and inferences which tend to support the finding of the jury and disregard all evidence and inferences to the contrary. *See International Armament Corporation v. King,* 28 Tex.Sup.Ct.J. 255 (February 20, 1985); *Stodghill v. Texas Employers Insurance Association,* 582 S.W.2d 102, 103 (Tex.1979); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). If there is any evidence of probative force to support the finding of the jury, the point must be overruled and the finding upheld. *In re King's Estate,* 244 S.W.2d at 661–62.

■ A "no evidence" point of error must and may only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3)

the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; (4) the evidence establishes conclusively the opposite of a vital fact. *Royal Indemnity Co. v. Little Joe's Catfish Inn, Inc.,* 636 S.W.2d 530, 531 (Tex.App.—San Antonio 1982, no writ); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Texas L.Rev. 361 (1960).

■ If a "no evidence" point is sustained and the proper procedural steps have been taken, the finding under attack may be disregarded entirely and judgment rendered for the appellant unless the interests of justice require another trial. *See National Life & Accident Ins. Co. v. Blagg,* 438 S.W.2d 905, 909 (Tex.1969); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex. 1965).

■ A party is entitled to recover attorney's fees on insurance policy claims when the company fails to pay within 30 days after demand is made. TEX.INS. CODE ANN. sec. 3.62 (Vernon 1981). The filing of suit alone does not constitute demand. *International Security Life Ins. Co. v. Redwine,* 481 S.W.2d 792, 793 (Tex. 1972). Testimony was given that there was correspondence between Evans' attorney and Plains' adjustor; that medical bills were mailed to Plains and were not paid; that the first lawsuit filed sought payment of the medical expenses and after the suit was dismissed Plains still refused payment. Also, in response to Evans' request for admission, Plains admitted "that the claim of Jackie Evans is doubtful and disputed and has been denied by Plains ..." Plains contended at trial this admission was not made in connection with the claim under the personal injury protection provision of the policy. We have been unable to find this contention substantiated in the record.[1] Although this evidence is not overwhelming, it does constitute more than a mere

---

1. The documents representing the request for admissions and Plains' response were not admitted in evidence. However, a portion of the requests and answers were admitted in evidence when read by Evans' attorney.

scintilla of evidence that demand for payment was made and refused. Plains' point of error two is overruled.

Point of error six alleges there was insufficient evidence to support the award of $7,500 in attorney's fees. Point seven contends remittitur should have been ordered. We hold these contentions without merit.

■ Where the challenge to a jury finding is framed as an "insufficient evidence" point, we are to consider all the evidence in the case, both that in support of and that contrary to the finding, to determine if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *See Garza v. Alviar,* 395 S.W.2d at 823. If the court so determines, the finding should be set aside and a new trial ordered. *Id.*

■ In considering an "insufficient evidence" point, we must remain cognizant of the fact that it is for the jury, as the trier of fact, to judge the credibility of the witnesses, to assign the weight to be given their testimony, and to resolve any conflicts or inconsistencies in the testimony. *See Taylor v. Lewis,* 553 S.W.2d 153, 161 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.). This court may not substitute its judgment for that of the jury if the challenged finding is supported by some evidence of probative value and is not against the great weight and preponderance of the evidence. *See Alford, Meroney & Co. v. Rowe,* 619 S.W.2d 210, 213 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.).

■ The attorney for Evans testified he had not kept time sheets on work performed but that he had gone through the file and had reconstructed the time expended and that the total was 139.5 hours. An attorney witness testified he had reviewed the work allegedly performed by Evans' attorney and was familiar with the nature of the case. Also, that the work expended was reasonable and necessary for the preparation and trial of the case and that $100 would be a reasonable average hourly wage for the services rendered. Plains' attorney testified that in his opinion $1,500 would be a reasonable fee for this type of case.

Prior to presenting evidence of attorney's fees to the jury, Plains questioned whether some of the 139.5 hours were spent on matters unrelated to the claim being prosecuted. Evans' attorney assured the court he would offer for the jury's consideration only such time as was expended on the subject claim and such matters so intertwined therewith as would be incapable of separation. Plains' attorney cross-examined and was successful in convincing the jury to reduce the amount by $6,450, or nearly one-half the amount claimed. We hold there was sufficient evidence to support the $7,500 award.

■ Remittitur should be ordered by the trial court or appellate court only when there is a finding the award is shockingly and grossly excessive. *Greyhound Lines, Inc. v. Craig,* 430 S.W.2d 573, 578 (Tex.Civ. App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). We make no such holding in this case. Points of error six and seven are overruled.

■ Points of error three, four and five complain of the amount awarded for medical expenses. In points three and four, it is alleged that the evidence is both legally and factually insufficient to support the award. Point five urges remittitur. We disagree with each contention.

Evans sustained injuries to her neck and her back when her pickup was struck from behind by another vehicle while Evans was stopped for a traffic signal light. Evans contends that as a result of the injuries sustained in the collision, she incurred expenses totalling $3,386.98 for ambulance, X rays, neck collar, treatment by three or four doctors, medical tests and hospital costs. Plains contends not all of the expenses were related to the specific injury resulting from the collision.

A non-treating physician testified that he had talked with Evans shortly before trial and had reviewed the medical bills. (He testified that he had taken over the practice of the treating physician who had moved out of town.) The doctor was asked to assume a hypothetical fact situation which was supported by the evidence in this case and which was not objected to by Plains. The doctor stated the procedures and treatment were reasonably necessary for the treatment of Evans' injuries and the expenses were reasonable. As stated elsewhere in this opinion, remittitur should be ordered only when the court finds the award grossly excessive. *Greyhound Lines, Inc.*, 430 S.W.2d at 578. We hold the evidence sufficient to support the award of $2,500 and that under the facts of the case such sum is not an excessive award. Plains' points of error three, four and five are overruled.

In point of error eight Plains complains of improper argument and lists ten instances in support of its contention. Seven portions of the argument are alleged to be unsupported by the record. Other complaints cite (1) the inflammatory nature of the remarks, (2) the argument of the law outside the court's charge, and (3) the argument of relative financial position of the parties. Other than the voir dire examination of the panel which was not included in our record, we have reviewed the entire record and disagree with Plains' contentions.

To reverse for improper argument, Plains must prove (1) there was uninvited or unprovoked error, (2) that error was properly preserved, (3) that the error was not curable by an instruction, prompt withdrawal of the statement or a reprimand by the judge, (4) that by its nature, degree and extent the argument was reversibly harmful. *Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 839–40 (Tex.1979). Also, it must appear that the likelihood the improper argument caused harm is greater than the likelihood the verdict was based on proper proceedings and evidence. *Id.*

In the court's charge, the jury was instructed to consider only the evidence admitted and not to consider nor discuss anything not represented by the evidence. Further, the court instructed that bias, prejudice or sympathy should play no part in these deliberations. The court also verbally instructed the jury that remarks of counsel were not evidence. In response to objections to argument, the judge further instructed the jury: (1) "I'll overrule the objection, but I will admonish the jury that the only evidence they'll rule upon is what they heard from the witness stand"; (2) a similar instruction was given during Plains' argument; (3) "Well, gentlemen, I'll instruct the jury that the—that the arguments or the statements made by the attorneys are not evidence in this case and are not considered as evidence and you'll return your verdict based solely upon the evidence you've heard from the witness stand, such exhibits that have been introduced to you." We hold these instructions of the court were sufficient to cure any argument of matters outside the record.

Plains complains of Evans argument that, "[t]his is the worst insurance company I have ever seen.... This is the worst insurance company I have ever done business with and I'm ashamed of them. I am ashamed that they're permitted to sell insurance in the State of Texas to people like Jackie Evans and to you...." This is clearly improper argument and grounds for reversal were it not for the fact the reproaches were invited by Plains' attorney when he told the jury that Plains was "a good company" and that he was proud to be their lawyer. Furthermore, Plains had attacked Evans by saying that he thought Evans' attorneys owed the jury an apology for bringing the jury "such a weak and ridiculous and silly" case. We hold that other complaints of inflammatory statements and the complaint concerning the relative financial position of the parties are without merit as they were not calculated to prejudice the jury and could not be rea-

sonably construed to have likely caused an improper verdict.

■ Plains also complains that Evans argued law "not contained in the court's charge." In reading the argument and objection, we hold the objection was more in the nature of a dispute between the attorneys as to the intent of the legislature in providing recovery of attorney's fees. We hold the objection did not properly preserve the error now asserted. Assuming arguendo error was preserved, we hold that the cumulative effect of the argument complained of was unlikely to have caused the rendition of an improper verdict. Plains' point of error eight is overruled.

We affirm the judgment.