**J–IV INVESTMENTS, Appellant,**

v.

**DAVID LYNN MACHINE, INC., Appellee.**

**No. 05–89–00422–CV.**

Court of Appeals of Texas, Dallas.

Jan. 15, 1990.

Rodney R. Elkins, Dallas, for appellant.

Nathan K. Griffin, Dallas, for appellee.

Before McCLUNG, LAGARDE and OVARD, JJ.

OPINION

McCLUNG, Justice.

A judgment notwithstanding the verdict was granted to David Lynn Machine, Inc. J–IV Investments appeals therefrom complaining the trial court erred in: holding there was no evidence to support the jury's finding of fraud; failing to disregard the jury's answer to question number two; failing to grant a declaratory judgment; striking or disallowing certain pleadings; not disclosing information that would be a basis for recusal; and, denying its motion for retroactive recusal. We affirm the trial court's judgment.

There is no statement of facts in this case, so we derive these facts from the transcript. J–IV leased certain tool and die machinery to David Lynn Machine, Inc. for a period of sixty months. When Lynn, Inc. fell behind on the lease payments, it brought the lease current by executing a promissory note, co-signed by David Lynn, individually. The note called for monthly

payments to be made in addition to the lease payments. When both of these documents fell into arrears, J–IV filed suit.

Thereafter, the parties again entered into settlement negotiations. They reached an agreement in which J–IV agreed to deliver a bill of sale and a release of all claims. Lynn, Inc. agreed to execute an indemnity agreement and to pay a sum of money to J–IV. The indemnity agreement called for indemnity from both David Lynn Machine, Inc. and David Lynn, individually.

A J–IV representative delivered the signed bill of sale and release to Lynn, Inc.'s office, intending to exchange the indemnity agreement and check for the balance owed to J–IV. According to J–IV's pleadings, its representative was told that David Lynn's signature in only one of two capacities was tantamount to his signature in both capacities. The indemnity agreement was signed only by David Lynn, President of David Lynn Machine, Inc. Because the indemnity agreement was not complete, J–IV sought to void the sale claiming that David Lynn Machine, Inc. obtained the bill of sale and release of claims through fraud. J–IV retained part of the money which Lynn, Inc. had paid and placed the remainder into the registry of the court pending resolution of this dispute.

J–IV pled for a declaratory judgment, but it also sought to have the agreement voided and set aside based on the claims of fraud. Trial on the merits was to a jury which found fraud and returned a verdict favorable to J–IV. Lynn, Inc. filed a motion for judgment notwithstanding the verdict which the court granted.

Without a statement of facts, this Court must assume there was no evidence to support the findings of the jury and that the granting of judgment notwithstanding the verdict for Lynn, Inc. was correct. *Seabury Homes, Inc. v. Burleson*, 688 S.W.2d 712, 716 (Tex.App.—Forth Worth 1985, no writ); TEX.R.APP.P. 53(a), 54(a). As appellant, the burden was on J–IV to bring forward a record to show error by the trial court. *Petitt v. Laware*, 715 S.W.2d 688, 690 (Tex.App.—Houston [1st Dist.] 1986,

writ ref'd n.r.e.); *Chappell Hills, Inc. v. Boatwright*, 702 S.W.2d 687, 689 (Tex.App.—Houston [14th Dist.] 1985, no writ).

■ In points of error one, two, and three, J–IV seeks review of evidentiary matters. Without a statement of facts, an appeal on evidentiary matters presents nothing for review. *Radio Station WQCK v. T.M. Communications, Inc.*, 744 S.W.2d 676, 677 (Tex.App.—Dallas 1988, no writ); *see Guthrie v. Nat'l Homes Corp.*, 394 S.W.2d 494, 495 (Tex.1965); TEX.R.APP.P. 54(a). We therefore overrule points of error one, two, and three.

J–IV also complains of the trial court's failing to disclose information which may have been the basis for recusal and of its denying their "Motion for Retroactive Recusal." The jury returned the verdict on July 5, 1988. Both sides filed motions for judgment which the court took under advisement. In September 1988, counsel for Lynn, Inc. made a $500 contribution to the trial judge's campaign fund. On October 12, 1988, the judge filed a report showing this contribution with the Dallas County Elections Department. *See* TEX.ELEC.CODE ANN. § 254.031 (Vernon 1989). The court granted Lynn, Inc.'s motion for judgment notwithstanding the verdict on December 21, 1988. The trial judge's term ended December 31, 1988, and his successor took office January 1, 1989. J–IV claims it did not receive knowledge of this campaign contribution until after rendition of the judgment. On January 20, 1989, J–IV filed its motion for retroactive recusal of the trial judge who signed the judgment on the basis of this contribution and the judge's failure to disclose it.

The standard of review for denial of a motion for recusal is whether the trial court abused its discretion. *Petitt v. Laware*, 715 S.W.2d 688, 692 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Texas courts have repeatedly rejected the argument that campaign contributions might create a bias to prompt recusal. Illustrative is *Rocha v. Ahmad*, 662 S.W.2d 77, 78 (Tex.App.—San Antonio 1983, no writ), which involved a motion to recuse or disqualify two of the associate justices of

the court of appeals because each had accepted campaign contributions from the lawyer for appellee. The court overruled this motion, holding appellee did not show bias. In reaching this result the court stated:

> It is not surprising that attorneys are the principal source of contributions in a judicial election. We judicially know that voter apathy is a continuing problem, especially in judicial races and particularly in contests for a seat on an appellate bench. A candidate for the bench who relies solely on contributions from nonlawyers must reconcile himself to staging a campaign on something less than a shoestring. If a judge cannot sit on a case in which a contributing lawyer is involved as counsel, judges who have been elected would have to recuse themselves in perhaps a majority of the cases filed in their courts. Perhaps the next step would be to require a judge to recuse himself in any case in which one of the lawyers had refused to contribute or, worse still, had contributed to that judge's opponent.

*Id.* at 78; *see also River Road Neighborhood Ass'n. v. South Texas Sports, Inc.,* 673 S.W.2d 952, 953 (Tex.App.—San Antonio 1984, no writ).

■ In *Texaco, Inc. v. Pennzoil, Co.,* 729 S.W.2d 768, 842–45 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), Texaco filed a motion to recuse the trial judge based on Canon 3 C of the Code of Judicial Conduct, the forerunner of TEXAS RULE OF CIVIL PROCEDURE 18b(2).[1] The lead counsel for Pennzoil gave the sum of $10,000 to the trial judge's campaign fund and also served on the judge's campaign steering committee while the case was pending. In its motion, Texaco argued that these actions created an appearance of impropriety on the part of the trial judge; however, the court held that the campaign contribution did not constitute an appearance of impropriety. *Texaco,* 729 S.W.2d at 845. In

view of these cases, we find no abuse of discretion. We overrule point of error four.

Lastly, J–IV argues that the trial court erred in striking or disallowing its third amended petition and trial amendment. While the actual trial in this cause did not begin until June 27, 1988, the trial date was June 20, 1988, and all deadlines for filing pleadings run from that date. *Forest Lane Porsche Audi Assoc. v. G & K Services, Inc.,* 717 S.W.2d 470, 473 (Tex.App.—Fort Worth 1986, no writ). J–IV's third amended petition was filed on June 13, 1988. J–IV's trial amendment was filed on July 1, 1988. The trial court denied both the motions for leave to file.

■ The trial court's decision to grant or deny leave to file a trial amendment is within the sound discretion of the trial judge, and we will not disturb the decision absent a clear showing of abuse of discretion. *See Plains Ins. Co. v. Evans,* 692 S.W.2d 952, 956 (Tex.App.—Fort Worth 1985, no writ). Under Texas Rule of Civil Procedure 63, the burden of convincing the trial court that the late filing of an amended pleading will operate as a surprise rests on the party resisting the filing of the pleading. *Hardin v. Hardin,* 597 S.W.2d 347, 350 (Tex.1980) (Campbell, J., concurring). However, the burden of showing the trial court erred in refusing to permit the amendment rests on the party contending error. *Id.* The mere fact that the court refused to permit the amendment is not enough. *Id.* The party tendering the late pleadings has the burden of showing, either by the statement of facts or by bill of exception, the facts surrounding the presentation of the amendment and the action of the trial court in refusing to permit the filing. *Id.* Without such a showing, the appellate court must presume the trial court did not abuse its discretion. *Herrin Transp. Co. v. Parker,* 425 S.W.2d 876, 878

---

1. Rule 18b(2) of the Texas Rules of Civil Procedure provides:

   Judges shall recuse themselves in proceedings in which their impartiality might reasonably be questioned, including but not limited to,

   instances in which they have a personal bias or prejudice concerning the subject matter or a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

(Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.).

No statement of facts or bill of exception is before us from the pretrial hearing where the court denied motion for leave to file its third amended original answer. Therefore, we must presume the trial court did not abuse its discretion. We overrule point of error five.

We affirm the trial court's judgment.