**PUBLIC CITIZEN, INC., Gray Panthers Project Fund, Larry Daves, Larry J. Doherty, Mike Martin, D.J. Powers and Virginia Schramm Plaintiffs,**

v.

**Elton BOMER, Secretary of State, Defendant.**

**No. CIV.A.A:00CV218JRN.**

United States District Court,
W.D. Texas,
Austin Division.

Sept. 26, 2000.

**744**

Fred I. Lewis, Austin, TX, Alan B. Morrrison, Allison M. Zieve, Public Citizen Litigation Group, Washington, DC, for Plaintiffs.

Andy Taylor, Office of Atty. General State of Texas, Austin, TX, for Defendant.

## ORDER

NOWLIN, Chief Judge.

Before the Court is Defendant's Motion to Dismiss (Clerk's Doc. No. 15), Plaintiffs' Response in Opposition of the Motion to Dismiss (Clerk's Doc. No. 25) and Defendant's Reply to Plaintiffs' Response and Motion to Dismiss Plaintiffs' First Amended Complaint (Clerk's Doc. No. 28). After reviewing the motion, response and reply the Court enters the following Order.

### I.

Plaintiffs, two organizations and five Texas lawyers, filed this lawsuit pursuant to the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983 challenging Texas' current system for electing state court judges. Plaintiffs allege the Texas system, which allows large financial contributions from interested parties and no mandatory recusal, creates an unconstitutional appearance of impropriety. Plaintiffs seek a declaration from this Court that the current Texas system violates the Due Process Clause and request an injunction preventing the system from continuing to operate until such time as the State of Texas devises a constitutional system. Plaintiffs chose Texas Secretary of State Elton Bomer as the defendant in this case because it is his job to deliver the county election returns to the governor and to tabulate the votes received in each county so that the governor can certify the results for the offices of Supreme Court justice, Court of Appeals justice and District Court judge.

### II.

Defendant filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (b)(6). A motion under Rule 12(b)(6) tests the legal sufficiency of claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *Jackson v. Procunier,* 789 F.2d 307 (5th Cir.1986). To bring a civil action within the Court's subject matter jurisdiction, a plaintiff must allege an action either involves a federal question or involves citizens from different states and an amount in controversy in excess of $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332. A complaint should be dismissed when it "appear[s] to a certainty that the plaintiffs can

prove no set of facts in support of their claims that would entitle them to relief." *Fee v. Herndon,* 900 F.2d 804, 807 (5th Cir.), *cert. denied,* 498 U.S. 908, 111 S.Ct. 279, 112 L.Ed.2d 233 (1990). For purposes of a Rule 12(b) motion, the Court must accept as true all well-pleaded allegations in the complaint and construe those allegations in the light most favorable to the Plaintiffs. However, the Court will not accept conclusory allegations in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983).

### III.

The Constitutional requirement for due process is a fair and impartial tribunal, whether at the hands of a court, an administrative agency or governmental hearing officer. *Gibson v. Berryhill,* 411 U.S. 564, 569, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973); *In re Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955). A decision maker is constitutionally unacceptable if: 1) he has a direct personal, substantial and pecuniary interest in the outcome of the case; 2) he has been the target of personal abuse or criticism from the party before him; or 3) he has a dual role of investigating and adjudicating disputes and complaints. *Valley v. Rapides Parish Sch. Bd.,* 118 F.3d 1047, 1052 (5th Cir.1997), (*citing Baran v. Port of Beaumont Navigation Dist. of Jefferson County,* 57 F.3d 436, 444–46 (5th Cir.1995)). Additionally, the party challenging the impartiality of a judge must also rebut two strong presumptions: 1) the honesty and integrity of the decision makers and 2) the decisions made affecting the public are done in the public interest. *Id.*

First, Texas judges do not have dual roles of investigating and adjudicating disputes. Second, the challenge before the court is to a system that allows for large contributions by those who practice or appear before a state judge, allegedly giving the appearance of impropriety. It does not relate cases of personal attacks upon a judge. Therefore, the Court must determine whether a judge who receives campaign contributions from parties with active cases in his court or by attorneys who frequently appear before him has a direct personal, substantial and pecuniary interest in the outcome of their cases.

Both trial and appellate state court judges in Texas are selected through a series of partisan primary and general elections provided for under state law. Just as in elections for every other public office within all three branches of state government, there is most often a significant financial cost in pursuing the process. Judges are in a unique position which demands the exercise of impartial judgment in situations which might normally give rise to partiality. Acknowledging these unique demands and expecting judges to take these demands seriously, the United States Supreme Court has held that only in the most extreme cases does the Due Process Clause require disqualification of a judge. *Aetna Life Ins. Co. v. Lavoie,* 475 U.S. 813, 825–26, 106 S.Ct. 1580, 1587–88, 89 L.Ed.2d 823 (1986). "The receipt of campaign contributions does not present the type of 'extreme' case of bias required to implicate the federal constitution." *Shepherdson v. Nigro,* 5 F.Supp.2d 305, 311 (E.D.Pa.1998). The Due Process Clause requires a judge to recuse himself only if a reasonable judge in his situation would find it necessary to do so. *United States v. Couch,* 896 F.2d 78, 82 (5th Cir. 1990). It is not surprising to find that most of the money contributed to judicial candidates are from local lawyers, the group from which judges are usually selected and the group most interested in judicial election results. If in a specific instance a judge's impartiality could be affected by the receipt of campaign contributions, that judge has a duty to recuse himself based upon his own reasonable belief of whether his partiality was influenced by the contribution. Tex. Civ. P. 18(b)(2)(a). Texas courts have repeatedly rejected the notion that a judge's accep-

tance of campaign contributions from lawyers creates bias necessitating recusal or that such acceptance of campaign donations even creates the appearance of impropriety. *Aguilar v. Anderson*, 855 S.W.2d 799, 802 (Tex.App.—El Paso 1993),( *citing J–IV Investments v. David Lynn Mach., Inc.*, 784 S.W.2d 106, 107 (Tex.App.—Dallas 1990); *Rocha v. Ahmad*, 662 S.W.2d 77, 78 (Tex.App.—San Antonio 1983)). Nothing in Plaintiffs complaint calls this Court to question the holding in those cases. Therefore, the Court finds campaign contributions by parties with cases pending before the judicial candidate or by attorneys who regularly practice before them is not so irregular or "extreme" as to violate the Due Process Clause of the Fourteenth Amendment.

 In addition and alternatively, the Court finds that Plaintiffs' Due Process challenge to the Texas judicial election system is a political question which is beyond the subject matter jurisdiction of the Court. Where a court is faced with a situation where the claim cannot be separated from a political question, the court should dismiss the case as non-justiciable. *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). The doctrine of political question abstention is rooted in the concept of federalism protecting the separate spheres of federal and state government. In this case, Plaintiffs' Due Process claim is deemed a political question because: (1) the election of state government officials, including judges, has historically been a function of state government; (2) the Court lacks judicially manageable means of resolving the issue; and (3) it is impossible to decide the issue without an initial policy determination calling for non-judicial discretion. *Id.*

Federal courts should not unduly interfere with the responsibilities of the states to conduct their own elections so long as the Constitutional rights of its citizens are not infringed. Such matters are public policy questions appropriately reserved to the state legislative and executive branches of government and ultimately to the state and local electorate. The Texas Supreme Court stated that changes to the system of electing judges should come at the hands of the state legislature, not the courts. *Rogers v. Bradley*, 909 S.W.2d 872, 883 (Tex.1995); see generally, *Tumey v. State of Ohio*, 273 U.S. 510, 523, 47 S.Ct. 437, 71 L.Ed. 749 (1927); *see also FTC v. Cement Inst.*, 333 U.S. 683, 702, 68 S.Ct. 793, 92 L.Ed. 1010 (1948). This Court agrees. Absent a clear presentation of a federal Constitutional violation, federal courts should not assume that their isolated and insulated position of appointed authority is superior in wisdom and understanding to the collective judgment of an elected state legislature and executive. In these matters the State of Texas should be governed by and accountable to its own citizens, not a federal court. This Court is aware that criticism of the Texas judicial electoral process remains ongoing both within and without the borders of the State, varying only periodically as to the source depending on which special or partisan interests, if any, are perceived at the time to be judicial winners or losers. Whether such criticism is valid and worthy of positive action toward change is a policy matter best left to the state to determine.

## IV.

 The receipt of campaign contributions alone does not rise to the level of a constitutional violation. Plaintiffs fail to show that judges who receive campaign contributions from a party or an attorney with a case before them have such a direct personal, substantial and pecuniary interest in the outcome the case that it renders the court unfair and partial. Furthermore, the issues of limiting campaign contributions and/or potential contributors are questions for the citizens of Texas and their state representatives, not a federal court.

For the reasons stated in this order, the Court finds that the Plaintiffs have failed to state a claim that the current Texas judicial election system violates the Due Process Clause of the Fourteenth Amendment.

THEREFORE IT IS ORDERED that Defendant's Motion to Dismiss is GRANTED and Plaintiffs' cause of action be DISMISSED.

IT IS FURTHER ORDERED that all pending motion be DENIED as MOOT.

IT IS FURTHER ORDERED that this case be CLOSED.