**UNITED STATES of America, Plaintiff,**

**v.**

**Steven Charles CRAIG, et al., Defendants.**

No. 93–585–CR.

United States District Court,
S.D. Florida,
Miami Division.

June 22, 1994.

Cynthia Hawkins, Asst. U.S. Atty., Orlando, FL, for U.S.

Donald L. Ferguson, Boca Raton, FL, for defendant Steven Charles Craig.

Samuel J. Rabin, Jr., Miami, FL, for defendant Armond Steven Davila.

David J. Joffe, Miami, FL, for defendant Chris DiFranco.

Stephen J. Bronis, Miami, FL, for defendant Craig Steven Lindback.

Richard J. Diaz, Miami, FL, for defendant Roy John Lindback.

Russell E. Crawford, Orlando, FL, for defendant Mary Margaret Buxbaum.

Ronald S. Guralnick, Miami, FL, for defendant Christopher Schofield.

Robert A. Rosenblatt, Miami, FL, for defendant Jimmy Rodriguez.

Paul A. McKenna, Miami, FL, for defendant Franciso Jesus Cabrera.

Vincent Farina, Miami, FL, for defendant Frank DiFranco.

Hy Shapiro, Miami, FL, for defendant Brian Edward Lindback.

William M. Moran, Miami, FL, for defendant Ernesto Santalla.

Donald A. Lykkebak, Orlando, FL, for defendant Stevan Laury Buxbaum.

Richard Docobo, Miami, FL, for defendant Michael J. Copeland.

Michael H. Tarkoff, Miami, FL, for defendant Michael Lee London.

George M. Evans, Miami, FL, for defendant David L. Smith.

Russell F. McLatchey, Longwood, FL, for defendant Ralph Eugene Cencebaugh.

Jay M. Kolsky, Miami, FL, for defendant Daniel John Sims.

Robert N. Scola, Jr., Miami, FL, for defendant Jeffrey Yost.

Douglas C. Hartman, Miami, FL, for defendant Roger Allen Yost.

Dennis N. Urbano, Miami, FL, for defendant Dana Randall Banks.

Kenneth D. Noel, San Diego, CA, for defendant David C. Balzerzak.

Rick Freedman, Miami, FL, for defendant Edward Wellmore Abele.

Leonard P. Fenn, Coral Gables, FL, for defendant Kevin McIsaac.

Armando Oliveros, Jr., Miami, FL, for defendant Randy B. Ramsauer.

Stuart Adelstein, Miami, FL, for defendant John Thurman Segars.

Richard A. Sharpstein, Miami, FL, for defendant Roger Lee Yost, Sr.

Eric Bensen, Orlando, FL, for defendant Michael R. McClain.

George M. Evans, Miami, FL, for defendant Steve Lambert.

David B. Rothman, Miami, FL, for defendant David K. Futch.

## ORDER ON DEFENDANTS' JOINT MOTION FOR DISQUALIFICATION OF COURT

ROETTGER, Chief Judge.

THIS CAUSE is before the court upon defendants' joint motion for disqualification of the Honorable Shelby Highsmith; it was referred to the undersigned for determination by Judge Highsmith in accordance with the standard practice of this court[1]. The government joined in the motion.

Defendants move to disqualify Judge Highsmith under Title 28, United States Code, Section 455(a) and (b)(5) solely because he submitted a brief in response to the Eleventh Circuit Court of Appeals' order directing him to answer the petition for writ of mandamus in support of his order of retransfer. The order directed Judge Highsmith to respond within 10 days and requested that he address two specific cases. Regrettably, the order did not cite Eleventh Circuit Rule 21–1 which explains, in part:

[t]o the extent that relief is requested of a particular judge, unless otherwise ordered, the judge shall be represented pro forma by counsel for the party opposing the relief and this counsel shall appear in the name of the party and not the name of the judge.

Judge Highsmith understandably misinterpreted the Eleventh Circuit's order as a directive for a personal response to which he

---

1. *United States v. Craig,* 853 F.Supp. 1413 (S.D.Fla.1994).

promptly complied. However, the record does not reflect that the Eleventh Circuit was deviating from its standard practice in any manner. Apparently, the order sent to Judge Highsmith, albeit somewhat misleading, is the Eleventh Circuit's form order issued on petitions for writs of mandamus.

■ Defendants contended at the hearing that recusal is mandated as Judge Highsmith has appeared herein effectively aligning himself with the government on the venue issue and otherwise taking an adversarial role in the litigation. The government agrees, after reviewing applicable authority, that the court's impartiality might be questioned since it personally responded to defendants' mandamus petition. *See Alexander v. Primerica Holdings, Inc.,* 10 F.3d 155 (3rd Cir. 1993) (court's letter to petitioner rebutting allegations in petition for writ of mandamus raised appearance of impartiality being questioned); *Rapp v. Van Dusen,* 350 F.2d 806, 812–13 (3rd Cir.1965) (en banc) (judge should not personally answer petition for writ of mandamus to avoid becoming an active party in the litigation).

■ Recusal is required whenever impartiality might be reasonably questioned. *Liteky v. United States,* —— U.S. ——, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *United States v. Kelly,* 888 F.2d 732, 744 (11th Cir. 1989). The fact that a judge is unaware of a disqualifying circumstance does not alleviate the risk that his impartiality might be reasonably questioned by others. *Liljeberg v. Health Serv. Acquisition Corp.,* 486 U.S. 847, 859, 108 S.Ct. 2194, 2202, 100 L.Ed.2d 855 (1988). Furthermore, all doubts must be resolved in favor of disqualification. *United States v. Alabama,* 828 F.2d 1532, 1540 (11th Cir.1987), *cert. denied sub nom., Board of Trustees v. Auburn Univ.,* 487 U.S. 1210, 108 S.Ct. 2857, 101 L.Ed.2d 894 (1988).

The parties acknowledge that Judge Highsmith has neither demonstrated bias nor ill will toward any party in this litigation. They do not suggest he intentionally violated Section 455. However, to avoid the appearance of impropriety as well as further litigation on this issue, the court is persuaded that, under the circumstances, it has no choice but to grant the requested relief. Accordingly, it is

**ORDERED AND ADJUDGED** that defendants' joint motion for disqualification of court is **GRANTED.**

## FUTURE HANDLING OF THIS CASE

■ The indictment charges 44 defendants with conspiracy to possess marijuana with intent to distribute it in Count 1 and conspiracy to import marijuana in Count 2. The indictment was returned by a grand jury in the Middle District of Florida and the only specific venue of the criminal acts in both counts was indicated as Brevard County in the Middle District of Florida. The file as of the date of this order fills 12 file folders and has nearly 800 docket entries.

The indictment also contains forfeiture provisions. All of the pieces of real property which the government seeks to forfeit are located in Dade, Broward or Palm Beach counties, all situated in the Southern District of Florida. Nevertheless, the criminal acts are described as exclusively occurring in the Middle District of Florida [2].

Notwithstanding this, United States District Court Judge Anne C. Conway of the Middle District of Florida transferred the case, as to the 30 defendants facing trial, to the Southern District of Florida by granting defendants' motions to change venue pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure. Judge Conway had referred the motions for change of venue to a United States Magistrate Judge. Apparantly, neither judge conducted a comprehensive evidentiary hearing on the matter before the motions were granted. The government opposed the motions.

Judge Highsmith, to whom the case was randomly assigned once the file reached the Southern District of Florida, retransferred the case to the Middle District. At that point, upon the suggestion by Judge Conway, defendants petitioned the Eleventh Circuit Court of Appeals for a writ of mandamus to prevent Judge Highsmith from retransferring the case to the Middle District of Florida. The Eleventh Circuit granted the peti-

---

2. There is no overt act alleged in the indictment.

tion in an unpublished opinion on March 21, 1994, deciding Judge Highsmith exceeded his judicial power when he retransferred this matter to the Middle District.

The underlying motion which is the basis for this order then followed. This unusual situation occurs from time to time between districts and whether on a *forum non conviens* basis or on a motion to transfer to another district in an effort to find a venue where a litigant can receive a fair trial, the judges of this district have frequently followed their cases. For example, Judge Aronovitz was invited by the Northern District of California to follow the case he transferred there under Title 28, United States Code, Section 1404(a) and was provided a courtroom and the hospitality of the court in doing so; Judge Aronovitz tried the case in the Northern District of California. The judges of this district who transferred cases to another district in an effort to achieve a venue more likely to guarantee a litigant a fair trial have similarly followed the case assigned to them and tried the case in the new city.[3]

Accordingly, this practice appears to this judge to be an ideal solution for the intrastate type of transfer here. This court cannot help but observe that the Department of Justice designated the Assistant United States Attorney who indicted the case in the Middle District of Florida as a Special Assistant for the Southern District of Florida so she may continue with the prosecution. It seems that a corollary principle is most appropriate to permit Judge Conway to continue with the handling of this case from the federal judiciary's standpoint.

Therefore, this court invites Judge Anne Conway of the Middle District of Florida to come to the Southern District of Florida to preside over the trial. The Clerk of the Southern District of Florida is directed to make available the Ceremonial Courtroom[4] and to provide Judge Conway with the necessary chambers, personnel and facilities to accomplish the trial of this case in an expeditious manner.

**IT IS FURTHER ORDERED AND ADJUDGED** that defendants' motion to transfer under General Rule 3.9(c) of the Local Rules for the Southern District of Florida is **DENIED.** The proposed transfer to the Honorable Wilkie D. Ferguson, Jr. who is presiding over a possibly related proceeding that was also transferred by a judge from the Middle District of Florida, Case Number 94–18–CR, would be inappropriate as the instant case is the earlier-filed action of the two related criminal cases.

## SUPPLEMENT TO ORDER

Inexplicably, Judge Conway has declined our invitation to preside over this trial. Accordingly,

**IT IS FURTHER ORDERED AND ADJUDGED** that this matter is referred to the Clerk of Court pursuant to Title 28, United States Court, Section 455, and General Rule 3.6 of the Local Rules for the Southern District of Florida for permanent reassignment to another judge in accordance with the court's blind random assignment system. The Clerk is advised that this appears to be a category V case; the parties' projections at the hearing compel the conclusion this trial will likely last at least three months.

**DONE AND ORDERED.**

---

3. For example, Judge Hoeveler tried in San Antonio a case involving a Metropolitan Dade County police officer charged as a co-defendant in the fatal beating of a motorist. Similarly, the undersigned tried a Southern District of Florida case in the Middle District of Florida. *See U.S. v.* *Otero–Hernandez,* 418 F.Supp. 572 (M.D.Fla. 1976).

4. There are no courtrooms available for such purpose in any other place of holding court in the Southern District of Florida.