The judgment is affirmed in part, reversed and rendered in part, and reformed in part.

**Rebecca Sills BLANCHARD, Relator**

v.

**The Honorable L.J. KRUEGER, assigned Judge of the County Court at Law No. 3 of Brazoria County, Texas, and the Honorable James Blackstock, Presiding Judge of County Court at Law No. 3 of Brazoria County, Texas, Respondents.**

No. 01–95–01383–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 20, 1995.

Lenette Terry, Kelly McClendon, Angleton, for Appellant.

Mark B. Jones, Angleton, for Appellees.

Before HUTSON–DUNN, O'CONNOR and ANDELL, JJ.

## OPINION

O'CONNOR, Justice.

This mandamus involves two motions to recuse the Honorable James Blackstock.[1] We conditionally grant the requested mandamus relief against the Honorable L.J. Krueger.

The underlying suit is a child custody dispute between Rebecca Sills (the Mother) and Derek Wayne Sills (the Father). *In re Sills,* No. 86K1872 (300th Dist.Ct., Brazoria County, Tex., Nov. 18, 1986).[2] The 1986 divorce

---

1. This is the second mandamus in this case. On September 20, 1995, Judge Blackstock granted temporary orders regarding the minor child D.W.S. without notice to the Mother. The Mother filed a motion for leave to file a petition for writ of mandamus (the first mandamus), which we granted. We conditionally granted the requested mandamus relief in part and ordered Judge Blackstock to vacate the portion of his September 20 order relating to temporary orders. *Blanchard v. Blackstock,* No. 01–95–01190–CV 1995 WL 655951 (Tex.App.—Houston [1st Dist.], Oct. 27, 1995, orig. proceeding) (not designated for publication). Judge Blackstock vacated the temporary orders on November 1.

2. Judge Blackstock, who is a county court judge, currently presides over a district court case pursuant to Tex.Gov't Code § 25.0222 (1988 & Supp. 1995).

decree named the Mother as managing conservator and the Father as possessory conservator of their minor child, D.W.S. Following the divorce, the Father filed three motions to modify. The trial court modified the decree in October 1991 based on the first motion to modify. Judge Blackstock denied the second motion to modify on July 26, 1995,[3] but granted a new trial on September 20.

Two days after the trial court denied the second motion to modify, the Father filed his third motion to modify. The Father's third motion to modify, filed on July 28, alleged that D.W.S. suffered severe emotional distress when he was told that Judge Blackstock denied the second motion to modify. The Mother filed a motion to transfer venue in the suit asserting D.W.S. has resided with her in another county for over six months. No action has been taken on the motion to transfer.

On November 3, the Mother filed a motion to recuse Judge Blackstock, alleging that Judge Blackstock had ex parte communications about the third motion to modify with the Father's attorney and the attorney ad litem for D.W.S. *See* TEX.R.CIV.P. 18b(2)(a). Judge Blackstock forwarded the motion to recuse to the presiding judge of the administrative judicial district, as required under TEX.R.CIV.P. 18a(d). The presiding judge assigned Judge Krueger to hear the motion to recuse.[4]

Judge Krueger heard the motion to recuse on November 8. Immediately before that hearing, Judge Blackstock filed a general denial in the underlying suit and asked Judge Krueger to award him attorney fees and court costs against the Mother.[5] Judge Blackstock's attorney participated in the hearing and examined Judge Blackstock and other witnesses. Judge Blackstock testified about filing the general denial with its request for attorney fees, the events surrounding the filing of the Father's third motion to modify, and his contacts with the Father's attorney. Judge Blackstock testified he rode with the Father's attorney and the attorney ad litem for D.W.S. to and from Houston to attend the oral argument in the first mandamus before this Court. Judge Blackstock admitted he discussed the facts and procedural aspects about the case with the Father's attorney when the Mother's attorney was not present; he denied he discussed the merits of the case with the Father's attorney.

The Father's attorney also testified at the hearing on the motion to recuse. He admitted he discussed procedural aspects about the case with Judge Blackstock when the Mother's attorney was not present, but denied he discussed the merits of the case. He testified Judge Blackstock rode with him and the attorney ad litem for D.W.S. to Houston for oral argument in the first mandamus.

At the conclusion of the hearing on the motion to recuse, the Mother's attorney requested permission to file a trial amendment to add as another ground to recuse or disqualify Judge Blackstock the allegation that Judge Blackstock became a party to the suit by filing a general denial and asking for attorney fees. The Mother's attorney argued that Judge Blackstock's status as a party became an issue when he filed his

---

3. Unless otherwise specified, all events took place in 1995.

4. Judge Krueger was assigned to the County Court at Law No. 3 of Brazoria County, Texas.

5. Judge Blackstock's general denial is as follows:

Cause No. 86K 1872
In the Matter of
The Marriage of
Derek Wayne Sills and
Rebecca C. Foster Sills
In the 300th
District Court
Brazoria
County, TX

*Respondent's General Denial*
I
Respondent, The Honorable James Blackstock, enters a general denial in this cause.
II.
Respondent has had to retain the services of Mark B. Jones, a[n] attorney licensed to practice in the State of Texas to defend him in this action. Respondent requests the Court to award him attorney fees and necessary court costs incurred in defending this suit.
III.
Respondent prays the Court award him attorney fees with said fees being charged against Petitioner.
Respondent prays that Petitioner take nothing and the relief requested be denied.

general denial at the beginning of the hearing, Judge Blackstock's status was tried without objection, and the Mother was entitled to a trial amendment. Judge Krueger denied both the Mother's motion to amend and her motion to recuse, and he ordered the Mother to pay $500 in attorney fees to Judge Blackstock.[6] Judge Krueger made and signed a docket entry of his ruling, but did not sign an order denying the motions to amend and recuse.

The case was then returned to Judge Blackstock. Judge Blackstock's office notified the parties that a hearing was set for November 14 on the Father's motion for temporary orders. On November 9, the Mother filed a second motion to recuse Judge Blackstock, reasserting the grounds she had asserted in the motion to amend the pleadings—that Judge Blackstock became a party to the suit when he filed a general denial and asked for attorney fees. Judge Blackstock refused to grant the Mother's second motion for recusal and refused to refer it to the presiding judge of the administrative judicial district as required by TEX.R.CIV.P. 18a(d). Judge Blackstock made and initialed a docket entry of his ruling, but did not sign an order denying the second motion to recuse.

On November 13, the Mother filed a motion for leave to file a petition for writ of mandamus and requested that we stay the hearing on temporary orders set for November 14. We granted leave to file, stayed proceedings in the trial court, and set this second mandamus for oral argument on November 14.[7] To our knowledge, neither Judge Krueger nor Judge Blackstock has ever signed an order denying the motion to amend and the motions to recuse.[8]

In this mandamus, the Mother alleges Judge Krueger abused his discretion by denying her first motion to recuse Judge Blackstock. After oral argument on this manda-

mus, the Mother amended her petition for writ of mandamus to add a request for a writ of mandamus to be issued against Judge Blackstock for refusing to refer her second motion to recuse to the presiding judge of the administrative judicial district. We grant the Mother leave to file the amendment.

■ It is clear that Judge Blackstock abused his discretion by refusing to forward the second motion to recuse to the presiding judge of the administrative judicial district. See TEX.R.CIV.P. 18a(d). We need not issue a writ of mandamus against Judge Blackstock, however, if we conclude that Judge Krueger abused his discretion by denying the Mother's trial amendment and refusing to disqualify Judge Blackstock. We conclude Judge Krueger abused his discretion.

■ A court may not refuse a trial amendment unless the opposing party presents evidence of surprise or prejudice, or the amendment asserts a new cause of action or defense, and thus is prejudicial on its face. *State Bar v. Kilpatrick*, 874 S.W.2d 656, 658 (Tex.1994); see TEX.R.CIV.P. 66. The burden of showing surprise or prejudice rests on the party resisting the amendment. *State Bar*, 874 S.W.2d at 658. Judge Blackstock did not oppose the Mother's trial amendment; in fact, it was Judge Blackstock who surprised the Mother by filing a pleading and requesting attorney fees immediately before the hearing. Under these circumstances, we hold the trial amendment was mandatory and Judge Krueger abused his discretion in denying the motion to amend.

■ Judge Blackstock's disqualification was mandatory when he took the extraordinary step of filing a general denial and became a party to the underlying suit. The Texas Constitution prohibits Judge Blackstock from continuing as a judge in this case:

---

6. Judge Krueger stated on the record that the attorney fees were not awarded as sanctions. He gave no basis for awarding attorney fees, and we know of no such basis.

7. The Father did not file a reply or participate in oral argument before this Court. Judge Blackstock's attorney filed a reply and participated in oral argument. The attorney ad litem for D.W.S.

joined Judge Blackstock's attorney both on the reply and at oral argument.

8. The Clerk of this Court contacted Judge Blackstock's office to inquire if the judge had signed an order denying the second motion to recuse. The Clerk was informed that Judge Blackstock was too busy to sign such an order.

 

"No judge shall sit in any case wherein he may be interested...." TEX. CONST. art. 5, § 11. The interest that disqualifies a judge is an interest, however small, which rests on a direct pecuniary or personal interest in the result of the case. *Cameron v. Greenhill,* 582 S.W.2d 775, 776 (Tex.1979). In *Cameron,* the Supreme Court held a party may not cause the recusal of a judge by naming the judge as a party to the suit. *Id.* at 776. The court said:

> To hold that merely naming a judge as a party would disqualify him would put power in the hands of litigants to frustrate our judicial system.

*Id.* at 776. That is not what happened here. Judge Blackstock voluntarily joined the underlying suit as a party. By his petition he secured a pecuniary interest in the suit in the amount of $500 as an award of attorney fees from the Mother.[9]

Judge Blackstock argues we cannot grant mandamus relief because Rule 18a provides that the denial of a motion to recuse may only be reviewed on appeal from a final judgment. TEX.R.CIV.P. 18a(f). We disagree.

■ Constitutional disqualification of a judge renders any order involving judicial discretion absolutely void. *Buckholts I.S.D. v. Glaser,* 632 S.W.2d 146, 148 (Tex.1982). A writ of mandamus will issue to correct the violation of a duty imposed by law when there is no other adequate remedy. *Canadian Helicopters, Ltd. v. Wittig,* 876 S.W.2d 304, 305 (Tex.1994). We hold that mandamus relief is appropriate.

We conditionally grant the Mother's request for mandamus relief in part and order Judge Krueger on or before November 21 to vacate his November 8 order, grant the motion to amend the first motion to recuse, and as so amended, grant the first motion to recuse Judge Blackstock. The writ will issue only if Judge Krueger does not comply.

---

9. Courts have held that a judge should not voluntarily participate in a mandamus action that challenges the judge's refusal to recuse himself. *Rapp v. Van Dusen,* 350 F.2d 806, 810 (3d Cir. 1965); *U.S. v. Craig,* 875 F.Supp. 816, 818 (S.D.Fla.1994). In *Rapp,* 350 F.2d at 813, the court of appeals said a judge who is challenged by a motion to recuse should not hire his own lawyer or designate the lawyers for the real party in interest as his lawyer. In *Craig,* 875 F.Supp. at 818, the district court held the challenged judge was required to be recused because the judge filed a brief in response to a mandamus action following the judge's refusal to recuse himself. By filing a response, the judge made an appearance in the case and became aligned with the party opposing recusal. *Id.; see also Alexander v. Primerica Holdings, Inc.,* 10 F.3d 155, 166 (3d Cir.1993) (judge should not have written letter to plaintiff objecting to statements in the plaintiff's petition for mandamus that was filed to challenge the denial of a motion to recuse).