**RIVER ROAD NEIGHBORHOOD AS-SOCIATION, et al., Appellants,**

v.

**SOUTH TEXAS SPORTS, INC., et al., Appellees.**

No. 04–84–00206–CV.

Court of Appeals of Texas, San Antonio.

July 18, 1984.

Harvey L. Hardy, Jackson C. Hubbard, Timothy Patton, Groce, Locke & Hebdon, San Antonio, for appellants.

Marynell Maloney, Law Offices of Pat Maloney, Anthony Nicholas, Manuel Lopez, San Antonio, for appellees.

OPINION

CADENA, Chief Justice.

*On Appellant's Motion for Recusal or Disqualification of Justices*

The City of San Antonio, one of the appellants in this case, has filed a motion to recuse or disqualify Associate Justice Rudy S. Esquivel and Associate Justice Pete Tijerina. The motion is denied.

The motion is based on the fact that Pat Maloney, who owns an interest in South Texas Sports, Inc., contributed 21.7% of the total reported contributions to the campaign of Justice Esquivel in 1980, and that Associate Justice Tijerina received 17.1% of his total reported campaign contributions from Clinton Manges, an appellee and chairman of the board of directors of South Texas Sports, Inc.

The challenged justices refused to recuse themselves and have referred the matter to

the other five members of this Court. *See* Rule 18b, TEX.R.CIV.P.

Article V, section 11 of the Texas Constitution prohibits a judge from sitting in any case in which he may be interested, or where a party is related to the judge by affinity or consanguinity in the degree prescribed by law, or when he shall have been counsel in the case. TEX.REV.CIV.STAT. ANN. art. 15 (Vernon 1969), tracks the constitutional provision and prescribes the third degree as the relationship by affinity or consanguinity which disqualifies a judge.

The City's motion is based on § 3C, Texas Code of Judicial Ethics. Paragraph (1) of that regulation provides that a judge should disqualify himself in a proceeding in which his impartiality might be reasonably questioned, "including but not limited to instances where (a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

The City contends that Canon 3C has been construed as an implementation of article V, section 11 of the Constitution by our Supreme Court in *McLeod v. Harris,* 582 S.W.2d 772 (Tex.1979). That case dealt exclusively with the 1977 amendment of TEX.REV.CIV.STAT.ANN. art. 200a, § 6 (Vernon Supp.1984), which prescribed the procedure to be followed where a motion has been filed to recuse a district judge. The holding in *McLeod* was simply that such procedure must be followed in all cases, and not merely in election contests and suits brought for the removal of local officials.

In a footnote, Justice Barrow noted that the basis for disqualification of a judge is found in TEX.CONST. art. V, § 11, and that the constitutional prohibition "has been implemented by Art. 15, Tex.Rev.Civ. Stat.Ann., Art. 30.01, of the Tex.Code Crim. Pro.Ann., and by Canon 3C of the Code of Judicial Conduct as promulgated by the Supreme Court of Texas, amended as of February 18, 1977." 582 S.W.2d at 774, n. 3.

We need not concern ourselves with the question concerning the precedential weight which should be given a footnote to an opinion. Justice Barrow clearly recognized in the footnote that the basis for disqualifying a judge is found in the Constitution. It requires some straining to conclude that when he spoke of implementation of the constitutional provision he used the term "implemented" as being synonymous with "amended." The grounds enumerated in the Constitution are mandatory, inclusive and exclusive. *Love v. Wilcox,* 119 Tex. 256, 28 S.W.2d 515 (1930). We cannot impute to Justice Barrow an intention to bury in a footnote a holding that the Constitution may be amended by a code governing the conduct of judges which has been promulgated by the Supreme Court. Clearly, such a holding would require prominent display in the body of an opinion. *See Maxey v. Citizens National Bank of Lubbock,* 489 S.W.2d 697, 703 (Tex.Civ.App.—Amarillo 1972), *reversed on other grounds,* 507 S.W.2d 722 (Tex.1974).

City does not assert that either of the two challenged Justices is related to any party in this case or that either has been counsel in this case. There remains only the question concerning disqualification because of "interest."

"It is a settled principle of law that the interest which disqualifies a judge is that interest, however small, which rests upon a direct pecuniary or personal interest in the result of the case presented to the judge or court." *Cameron v. Greenhill,* 582 S.W.2d 775, 776 (Tex.1979). It is not contended that either of the challenged Justices may gain or lose anything of a pecuniary or personal nature because of any judgment which might be rendered in this case.

We conclude that neither Justice Esquivel nor Justice Tijerina is disqualified in this case. *See Vera v. State,* 547 S.W.2d 283 (Tex.Crim.App.1977).

The motion to recuse or disqualify is denied.