Clinton **MANGES**, et al., Relator,

v.

**The Honorable Ben MARTINEZ, Respondent.**

No. 04–84–00526–CV.

Court of Appeals of Texas, San Antonio.

Dec. 31, 1984.

Robert L. Rothenberg, Maloney & Maloney, San Antonio, for relator.

Norman J. Riedmueller, Houston, James S. Robertson, Jr., Dallas, Stanley J. Krist, Krist & Scott, Houston, Amado Abascal, III, Eagle Pass, for respondent.

Before CADENA, C.J., and CANTU and DIAL, JJ.

*On Relator's Petition for Writ*
*of Mandamus*

CANTU, Justice.

Clinton Manges, relator, seeks the issuance of a writ of mandamus to compel the Honorable Ben Martinez, 293rd Judicial District Court Judge of Maverick County, to comply with the provisions of TEX.R. CIV.P. 18a(d) requiring that he forward to the presiding judge of the administrative district an order of referral, the motion, and all opposing and concurring statements.[1] On the day trial on the merits was to start,[2] in Cause No. 7566 styled *Osborne Oil Company, Aztec Petroleum Corp., AIO Joint Venture, Aztec 80–A, Ltd., and Aztec-Chittim Joint Venture, Plaintiffs v. Man-Gas Transmission Company, Clinton Manges, and Clinton Manges Oil & Refining Co., Defendants*, then pending before the court, relator filed a motion entitled "Motion to Disqualify Alternatively to Recuse the Honorable Ben Martinez."[3] In the motion, relator requested that Judge Martinez "voluntarily" recuse himself due to his pecuniary relationship

---

**1.** Mandamus is sought pursuant to our authority under TEX.REV.CIV.STAT.ANN. art. 1824 (Vernon Supp.1984).

**2.** We do not decide whether the ten-day rule of TEX.R.CIV.P. 18a(a) disposes of this case.

**3.** Relator has failed to include evidence that his motion for recusal was presented to the trial court. He has tendered a copy of the motion which contains no signature of the judge denying it, no file mark from the district clerk, and no certification by the district clerk. However, both parties admit the motion was presented to the trial court and that the court overruled it.

with one of the attorneys for the plaintiff. Relator urged TEX.R.CIV.P. 18a and TEXAS SUPREME COURT, CODE OF JUDICIAL CONDUCT, Canon 2 (1974) and Canon 3 (1976) as support for his request. We hold relator failed to invoke the provisions of TEX.R.CIV.P. 18a and, therefore, we deny the petition for writ of mandamus.

▇▇▇ The sole basis for mandatory disqualification of a trial judge is found in TEX.CONST. art. V, § 11. *River Road Neighborhood Association v. South Texas Sports, Inc.*, 673 S.W.2d 952, 953 (Tex.App.—San Antonio 1984, no writ). The constitutional grounds for disqualification are that the trial judge has an interest in the case; the trial judge is connected to either of the parties in the case by affinity or consanguinity, as proscribed by law; or the trial judge was counsel in the case. TEX. CONST. art. V, § 11. Relator states none of these constitutional grounds in his motion. He alleges that a prior personal and financial relationship existed between the trial judge and the attorney for plaintiff and that they held a common financial interest, including mutual political fundraising and "other common pecuniary interests." For purposes of mandatory disqualification under the Constitution, "interest" has been defined as a direct pecuniary or personal interest *in the outcome of the case* before the judge. *Cameron v. Greenhill*, 582 S.W.2d 775, 776 (Tex.1979); *River Road Neighborhood Association v. South Texas Sports, Inc., supra.* Relator, having failed to allege constitutional grounds for recusal or disqualification has failed to invoke the provisions of rule 18a requiring a hearing before the presiding judge of the administrative judicial district.

▇▇▇ Relator filed with this court, during presentation of oral argument, a supplemental application for writ of mandamus with an amended motion to disqualify or recuse Judge Martinez in which an attempt is made to correct the infirmities described above. The motion includes the affidavit of relator Clinton Manges. Neither the motion nor the affidavit were on file in the trial court at the time Judge Martinez denied the original motion and are therefore not properly before this court for review. *Sabine Offshore Service, Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979).

▇▇▇ Further, relator's motion does not speak in terms of legal or constitutional disqualification (i.e. *mandatory* disqualification) but requests only a *voluntary* disqualification.[4] TEX.R.CIV.P. 18a(c) provides that on receiving a motion for disqualification or recusal, the trial judge:

> ... shall either recuse himself or request the presiding judge of the administrative judicial district to assign a judge to hear such motion.

This is a mandatory provision. *McLeod v. Harris*, 582 S.W.2d 772, 775 (Tex.1979). However, mandatory grounds for disqualification must first be urged. Rule 18a(c) is not invoked unless and until the movant demands mandatory disqualification supported by appropriate grounds. Relator merely requested by way of intimidation a "voluntary" recusal by Judge Martinez upon pain of embarrassment and, therefore, failed to set Rule 18a(c) in motion.

The petition for writ of mandamus is denied.

---

CADENA, Chief Justice, concurring.

I agree that the application for writ of mandamus should be denied.

Relator also alleges that the public confidence in the integrity and impartiality of the judiciary "might reasonably be shaken." Attorney for relator reiterated her concern to this court that relator reiterated his concern to this court that Martinez and, therefore, did not set out at length his reasons for requesting disqualification.

---

4. Relator states in his motion:
   Because of the prior relationship of the Honorable Ben Martinez and [attorney for the plaintiff], and because of their common financial interest, including fund-raising for each other's political campaigns and other common pecuniary interests, Judge Martinez should voluntarily recuse himself in the instant case.

Since relator's motion states no grounds for mandatory disqualification, referral to the administrative judge for assignment to another judge would be useless. Absent allegations setting out constitutional grounds for disqualification, no judge could enter an order prohibiting the challenged from hearing the case.

DIAL, Justice, concurring.

As Rule 18a is presently written it does not require that constitutional grounds be set out in the motion. I would urge the Supreme Court to change the rule so that it would so read with the additional proviso that the motion need not be referred to the administrative judge unless constitutional grounds are alleged. This would avoid the useless function of referring a motion that was without merit *ab initio*.

I would deny the petition for failure to comply with the ten day requirement of Rule 18a(a). There is no provision in this rule similar to that in TEX.R.CIV.P. 18b(a) allowing for late filing for good cause shown. Admittedly the motion was filed on the day of trial.

There needs to be a safeguard so that this rule would not be abused as an alternative to a motion for continuance. I would further encourage the Supreme Court to add by amendment permission for late filing for good cause shown. This should be coupled with proviso that good cause would be determined by the judge to whom the motion was referred. The succeeding judge should have authority to rule on the motion instanter based on opposing and concurring statements without further notice to the parties. This would protect the non-moving party's right to a speedy trial.