William E. SPRADLIN and Republican Party of Arkansas
*v.* ARKANSAS ETHICS COMMISSION, Richar L.
Mays, Mary Lynn REESE, Ronald A. May, Kenal Kutait
and Mack R. Koonce, In Their Official Capacities as
Members of the Arkansas Ethics Commission

92-371                                              837 S.W.2d 463

Supreme Court of Arkansas
Opinion delivered September 28, 1992

ROBERT H. DUDLEY, Justice. The six other members of this court have disqualified from participation in this appeal for separate and valid reasons of their own. The appellants have respectfully suggested that all members of this court might desire to disqualify. See Rule 27 of the Rules of the Supreme Court. I decline to do so on the basis suggested by appellants but, even so, have decided that I ought to disqualify for a different reason.

This appeal involves the appointment of the minor political party representative to the State Ethics Commission. Under the initiated act that created the Ethics Commission, see Ark. Code

Ann. § 7-6-217 (Supp. 1991), the Governor, Attorney General, Speaker of the House, President Pro Tempore of the Senate, and the Chief Justice of this court were designated to appoint the five members of the Ethics Commission. Appellants contend Chief Justice Holt was designated to make the appointment of the minor political party representative to the Commission, that he made an inappropriate appointment, and that the appointment should be set aside. The suggestion of disqualification indicates that the Chief Justice made the appointment with the approval of the court. The suggestion is based upon the false assumption that the court acted in the matter. Plainly stated, the court did not act in this matter, and I do not disqualify on that basis. Still, I feel that I should disqualify from this case for a reason other than the one suggested. Accordingly, I too will disqualify upon certifying to the Governor in accordance with Articles 7 and 9 of the Constitution of Arkansas that the Chief Justice and all of the Associate Justices have disqualified.

TOM GLAZE, Justice. Appellants suggest the Chief Justice's appointment of Mr. Ronald A. May to the State Ethics Commission was approved by the associate justices on this court. Speaking for myself, I was never asked, nor did I offer, to approve such an appointment.

Customarily and traditionally, justices for good reasons do not announce why they recuse in cases. However, because I recuse for a reason other than the one suggested by appellants in their motion, I set out a limited explanation for recusing in this particular case. I have known Mr. May since 1965 when I then worked for Mr. Winthrop Rockefeller. My contact with, and knowledge of, Mr. May has been limited, but significant enough over the years to prevent me, under the terms set out in Cannon 3 (C)(1), from deciding the primary issue presented in this appeal. Accordingly, for reasons other than the one suggested by appellants, I recuse from this case.