Leon County et al. v. Grayson
















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-101-CV

     LEON COUNTY, ET AL.,
                                                                         Appellants
     v.

     LINDA GRAYSON,
                                                                         Appellee
 

From the 278th District Court
Leon County, Texas
Trial Court # 0-03-95A-1
                                                                                                                
                                                                                                         
DISSENTING OPINION
                                                                                                                

      I respectfully dissent. Leon County’s recusal motion was untimely, and the trial court did not
err in not immediately either recusing himself or referring the motion to the administrative-regional judge under Texas Rule of Civil Procedure 18a.
      “The mandatory provisions in Rule 18a . . . never come into play unless and until a timely
filed motion to recuse is filed.” Beard v. Beard, 49 S.W.3d 40, 51 (Tex. App.—Waco 2001, pet.
denied) (op. on orig. submission) (quoting Wright v. Wright, 867 S.W.2d 807, 811 (Tex.
App.—El Paso 1993, writ denied)); accord, e.g., Metzger v. Sebek, 892 S.W.2d 20, 49 (Tex.
App.—Houston [1st Dist.] 1994, writ denied), cert. denied, 516 U.S. 868 (1995); Limon v. State,
632 S.W.2d 812, 815-16 (Tex. App.—Houston [14th Dist.] 1982, pet. ref’d); but see, e.g.,
Jamilah v. Bass, 862 S.W.2d 201, 202-203 (Tex. App.—Houston [14th Dist.] 1993, orig.
proceeding) (even untimely or defective motion should be referred).
      Leon County’s recusal motion was untimely. Leon County conceded in its motion for
continuance that it “received approximately seven days notice of the hearing” on Grayson’s
petition for writ of mandamus. Yet Leon County did not file its recusal motion until the date of
the hearing. In the trial judge’s letter to the administrative-regional judge, he states that Leon
County presented the recusal motion only “[a]pproximately one or two minutes prior to the
hearing.”
      The purpose of the ten-day requirement for recusal motions is “to avoid having a party wait
until the last minute to file such a motion and thus disrupt the commencement of a trial.” Keene
Corp. v. Rogers, 863 S.W.2d 168, 171 (Tex. App.—Texarkana 1993, writ stayed); accord Martin
v. State, 876 S.W.2d 396, 397 (Tex. App.—Fort Worth 1994, no pet.). Rule 18a also has the
potential for abuse “as an alternative to a motion for continuance.”


 See Manges v. Martinez, 683
S.W.2d 137, 140 (Tex. App.—San Antonio 1984, orig. proceeding) (Dial, J., concurring). If the
movant does not receive ten days’ notice of trial, then the ten-day requirement cannot be strictly
applied. In re Harrell, No. 07-00-0251-CV, 2000 WL 1029059, at *1 (Tex. App.—Amarillo Jul.
26, 2000, orig. proceeding [pet. denied]) (not designated for publication); Metzger, 892 S.W.2d
at 49. But a requirement of reasonably timely filing must still apply. This is in accord with Rule
18a’s provision that when a judge is assigned less than ten days before trial, a motion to recuse
may “be filed at the earliest practicable time prior to the commencement of the trial or other
hearing.” Tex. R. Civ. P. 18a(e). Thus, for instance, in Fagin v. Duke-Keller Outdoor
Advertising, Inc., the court held that a recusal motion filed on the day before the hearing was
timely, where the party received only two days’ notice. Fagin v. Duke-Keller Outdoor Adver.,
Inc., No. 04-97-01020-CV, 1999 WL 552825, at *1 (Tex. App.—San Antonio Jul. 30, 1999, no
pet.) (not designated for publication). In Metzger v. Sebek, the court held that a recusal motion
filed on the date of the hearing was timely, where the party received only three days’ notice of the
hearing. Metzger, 892 S.W.2d at 49.
      Moreover, untimely filing is permitted only on a showing of good cause. Auto. Digital Sys.,
Inc., v. Bass, No. 12-94-00187-CV, 1996 WL 773026, at *11 (Tex. App.—Tyler Oct. 31, 1996,
writ denied) (not designated for publication); Keene, 863 S.W.2d at 172.
      Leon County’s motion to recuse was not reasonably timely, and does not show good cause
to excuse the timing of its filing. The motion alleges that Leon County “learned of the reason for
recusal less than ten days before the hearing.” Leon County’s seven days’ notice excuses its
failure to comply with the ten-day requirement, but, without more, does not excuse its filing of
its recusal motion immediately before the hearing. Thus, the trial court did not abuse its discretion
in not acting on the motion.
      Accordingly, we should overrule Leon County’s first issue, and address its other issues. 
Because the majority does otherwise, I respectfully dissent.

                                                                   TOM GRAY
                                                                   Justice

Dissenting opinion delivered and filed July 30, 2003
[CV06]