Floyd G. VILLINES, III, County Judge *v.* Nora HARRIS

04-568                                                            194 S.W.3d 177

Supreme Court of Arkansas
Letter opinion delivered September 30, 2004*

**Supreme Court of Arkansas**

TOM GLAZE
ASSOCIATE JUSTICE

JUSTICE BUILDING

LITTLE ROCK, ARKANSAS 72201

AREA CODE 501
682-6870

September 30, 2004

Ms. Karla M. Burnett
Ms. Amanda Mankin Mitchell
Pulaski County Attorney's Office
201 South Broadway, Suite 400
Little Rock, AR 72201

Mr. Thomas S. Stone
Dover Dixon Horne PLLC
425 West Capitol, Suite 3700
Little Rock, AR 72201

Dear Counsel:

First, I wish to thank you for your research and arguments. It has been most beneficial to me in reaching a decision on whether I should recuse in your pending case on appeal, *Villines v. Harris,* case number SC 04-00568. After your study of the case law and treatises bearing on the subject of disqualification and recusal of judges, you now may feel either confused or especially learned on

---

*Reporter's Note: See *Villines v. Harris*, 362 Ark. 393, 208 S.W.3d 763 (2005) for majority opinion on the merits. CORBIN, BROWN, and IMBER, JJ., not participating.

the subject. I trust it is the latter. But, either way, you should always keep in mind that good people can differ and do express opposing views on any given question, albeit legal or otherwise. Regarding the case now before this court, I am fully convinced that I have a duty to remain on your case on appeal.

You have sorted through and studied the applicable law, regarding recusals in this state and beyond its boundaries, and attorneys for each side have come to opposite opinions on whether I should recuse — Villines' attorneys say I should remain on the case and Harris' attorneys respectfully suggest I should disqualify. I do not intend to go into great detail in discussing all the cases, arguments, and policy issues upon which I relied when deciding I should not disqualify. However, I will briefly highlight those legal principles that I weighed that cause me to honor my public duty and rule on the tax and related questions to be presented in this case.

Initially, I note the observation by counsel for Harris that I had previously recused in this same case, which this court reversed. *Villines v. Harris*, 340 Ark. 319, 11 S.W.3d 516 (2000). However, it is settled law that, absent a statutory provision to the contrary, a determination of disqualification will not prevent a judge from reassuming full jurisdiction if the disqualification has been removed. *Matthews v. State*, 313 Ark. 327, 854 S.W.2d 339 (1993).

Since the time I recused in this matter in 2000, our court has decided cases that have further developed our law involving recusal. For example, in *White v. Priest*, 348 Ark. 135, 73 S.W.3d 572 (2000), the members of this court rejected White's motion to recuse, stating the "Rule of Necessity" overrode the rule of disqualification. The court offered an example where a judge might be required to participate in the judicial review of a judicial salary statute. This court said that the Rule of Necessity is most likely invoked in situations where the filing of a suit whose resolution will directly affect the pecuniary well-being of judges as a whole, such as a suit seeking the increase in judicial pay or retirement benefits.

Also, after the *Villines v. Harris* case was in this court in 2000, we delivered the important case of *Worth v. Benton County Circuit Court*, 351 Ark 149, 89 S.W.3d 891 (2002), where county property owners sued Benton County and other taxing authorities, alleging ad valorem taxes were illegal exactions in violation of the state constitutional rollback provision. There, the presiding judge and his family members stood to gain in the refund of taxes that could occur, as well as any rollback that might result. Our court held that, before a judge is disqualified, the judge's personal, propri-

etary, or pecuniary interest must be more than that of an ordinary citizen and taxpayer. As you may recall, I dissented in *Worth*, but I lost that argument.

As you are fully aware, the law is well settled that a judge has a duty to remain on a case if there is no valid reason for the judge to disqualify. Here, neither I, nor my family, has any greater interest in this case than any ordinary citizen or taxpayer. I am also concerned that most judges who would be considered as appointed special justices, and who would sit on this case, would be property owners and taxpayers who likely would be impacted by any decision rendered in this significant case, which involves the interpretation of Arkansas' Constitution and statutory law.

Sincerely,