SLIP OPINION

Cite as 2016 Ark. 388

# SUPREME COURT OF ARKANSAS

**No.** CV-16-584

ROBINSON NURSING AND
REHABILITATION CENTER, LLC
D/B/A ROBINSON NURSING AND
REHABILITATION CENTER; CENTRAL
ARKANSAS NURSING CENTERS, INC.;
NURSING CONSULTANTS, INC.; AND
MICHAEL MORTON

               APPELLANTS

V.

ANDREW PHILLIPS, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
DOROTHY PHILLIPS, AND ON
BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF DOROTHY
PHILLIPS; AND ON BEHALF OF
THEMSELVES AND ALL OTHERS
SIMILARLY SITUATED

               APPELLEES

**Opinion Delivered:** November 10, 2016

MOTION TO DISQUALIFY
TREATED AS MOTION TO
RECUSE; DENIED BY JUSTICE
WOOD INDIVIDUALLY HEREIN.

**RHONDA K. WOOD, Associate Justice**

Appellees filed a motion to disqualify asking that I recuse from hearing this appeal and "any case involving Michael Morton or his nursing homes as well as any other nursing home case the decision of which might affect Michael Morton and/or his nursing home businesses." Appellees cite Rule 1.2 and 2.11 of the Arkansas Code of Judicial Conduct for support. The court as a whole has referred the motion to me because the prayer for relief is directed to me individually, the response that follows is mine. This is consistent with the

principle that the decision to recuse rests in the discretion of the individual judge and with how this court has historically treated similar requests. *See Villines v. Harris*, 359 Ark. 47, 194 S.W.3d 177 (2004); *U.S. Term Limits, Inc. v. Hill*, 315 Ark. 685, 870 S.W.2d 383 (1994); *Spradlin v. Arkansas Ethics Com'n,* 310 Ark. 458, 837 S.W.2d 463 (1992); *DePriest v. AstraZeneca Pharm., L.P.*, 2009 Ark. 547, 23, 351 S.W.3d 168.[1] The motion is denied.

Appellees contend that the Judge Rhonda Wood for Supreme Court Campaign Committee's acceptance of contributions in 2013 from Michael Morton and nursing homes that they allege he owns and controls creates an appearance of bias or impropriety. The exhibits attached to appellee's motion depict that the campaign received fifteen checks in the amount of $2,000 from a list of nursing homes. Appellees allege that Michael Morton owns these institutions, though they fail to provide documentation in support. The campaign's January 13, 2014 report provides that those checks were received by the campaign on November 22, 2013. Appellees' exhibits show that those checks were deposited on November 26, 2013. Appellees' exhibits also include an April 16, 2014 Campaign Contribution and Expenditure Report that depicts five other checks in the amount of $2,000 to the campaign from Michael Morton and other companies appellees allege he owns. According to appellees, these exhibits show that Michael Morton and his companies contributed a total of $40,000, or 30 percent of total contributions, to the campaign.

---

[1] The exception has been in cases where the request was for the entire court to recuse. *See McArty v. Judicial Discipline and Disability Comm'n*, 2000 WL 236339 (Ark. 2000).

While the appellee' dollar amounts are accurate, they fail to depict the entire campaign. Judicial recusal must be "made from the perspective of a reasonable observer *who is informed of all the surrounding facts and circumstances.*" *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000) (Rehnquist, C.J.) (emphasis added).[2] Appellees allege that Michael Morton and his businesses contributed $40,000 of the campaign's total contributions of $134,700.[3] In actuality, the campaign received $154,900 in total financial contributions. Further, as appellees leave unmentioned, the campaign's April 16, 2014 financial report they attached as an exhibit reflects that the campaign returned $20,000 of contributions to Michael Morton and the companies appellees allege he owns. Therefore, the analysis is whether the $20,000 in contributions the campaign retained in 2014 creates an appearance of impropriety for a case that will be before the court in 2017.

Few cases in Arkansas address whether campaign-related matters require recusal by a judge. *See Massongill v. Scott*, 337 Ark. 281, 991 S.W.2d 105 (1999) (denying a challenge that the judge should have recused when one attorney was former campaign treasurer); *Eason v. Erwin*, 300 Ark. 384, 781 S.W.2d 1 (1989) (stating a judge did not necessarily have to recuse off case of prominent local lawyer, campaign contributor, and alleged close friend

---

[2] The Code of Judicial Conduct provides that to "reduce potential disqualification and to avoid the appearance of impropriety, judicial candidates should, as much as possible, not be aware of those who have contributed to the campaign." Rule 4.4 Comment 3(A). This is not a mandatory rule. As Rule 4.4 explains, the point of trying to avoid knowledge is to avoid precisely the situation faced in this motion. But by including campaign contribution specifics in the motion, the appellees have made it impossible for me to attempt to abide by the suggested behavior.

[3] Appellees for some reason used an April 16, 2014 campaign report for the total instead of the campaign's final report.

but that the judge should rule objectively); *Committee for Utility Trimming, Inc. v. Hamilton*, 290 Ark. 283, 718 S.W.2d 933 (1986) (holding recusal not required). So the Arkansas Code of Judicial Conduct (2015) is the best guide, and two of its rules are relevant here. First, Rule 1.2 provides that a judge shall "avoid impropriety and the appearance of impropriety." Second, Rule 2.11(A) provides that a judge shall disqualify herself in any proceeding in which the judge's impartiality might reasonably be questioned.

Under Arkansas law, judges have a duty to decide a case unless there is a valid reason to disqualify. *See Perroni v. State*, 358 Ark. 17, 186 S.W.3d 206 (2004). Further, judges are given a presumption of impartiality. *See Searcy v. Davenport*, 352 Ark. 307, 100 S.W.3d 711 (2003). There is a "presumption of honesty and integrity in those serving as adjudicators." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). As the United States Supreme Court has stated, "[a]ll judges take an oath to uphold the Constitution and apply the law impartially, and we trust that they will live up to this promise." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 891 (2009) (citing *Republican Party of Minn. v. White*, 536 U.S. 765 (2002)). "Not every campaign contribution by a litigant or attorney creates a probability of bias that requires a judge's recusal." *Id*. at 884. Thus, any analysis of whether to recuse begins with the presumption that the judge fulfill her duty and sit on the case.

The Arkansas Code of Judicial Conduct specifically addresses the next step in the analysis when specifically considering campaign contributions in conjunction with recusal and states the following: "the fact that a lawyer in a proceeding, or a litigant, contributed to the judge's campaign, or publicly supported the judge in his or her election does not of itself disqualify the judge." Rule 2.11, Comment [4]. The comment provides a list of factors to

consider in whether there is an appearance of impropriety under the Rule in regards to campaign contributions[4]:

1. the size of contributions;

2. the degree of involvement in the campaign;

3. the timing of the campaign and the proceeding;

4. the issues involved in the proceeding; and

5. other factors known to the judge.

Rule 2.11 Comment [4A].

In applying these factors to the facts supported by appellees' exhibits and the campaign's reports, I conclude that I should remain on the case. *See Howard W. Brill, Campaign Contributions, Campaign Involvement, and Judicial Recusal*, 64 Ark. L. Rev. 103, 111 (2011) (noting that a judge should "consider all these factors"). Under the first factor, the accepted contributions are insufficient to warrant disqualification in an unopposed race. *Cf. Caperton*, *supra* (reversing on a 5-4 vote a West Virginia Supreme Court's justice's decision to remain on case where a party contributed $3,000,000 to support the justice's campaign); *River Rd. Neighborhood Ass'n v. S. Texas Sports, Inc.*, 673 S.W.2d 952 (Tex. App. 1984) (upholding decision not to recuse where parties contributed 21.7 % and 17.1% of total contributions, respectively, to two appellate judges' campaigns); *Rocha v. Ahmad*, 662 S.W.2d 77 (Tex. App. 1983) (upholding decision not to recuse even though the challenged

---

[4] Appellees do list other facts unrelated to the amount of contributions and contend that those alleged facts create an appearance of implied bias. The appearance of implied bias in those circumstances is a separate analysis where our court has held "there must be communication of bias." *Rockport v. State*, 2010 Ark. 449, 374 S.W.3d 660. Appellees fail to allege any communication of bias.

justices had received thousands of dollars from an attorney in the case and that same attorney had hosted the justices' victory celebrations); *Ivey v. Dist. Ct.*, 299 P.3d 354 (Nev. 2013) (finding no disqualification where trial judge received $10,000 in campaign contributions— 14% of the total received—from a party and his attorney). Notably, in the *Caperton* case where the contributions exceeded 3,000,000, it was a 5-4 decision that resulted in holding the judge must recuse.

Under factor two, appellees do not allege that Michael Morton and the companies he owns played any other role in the campaign. There is no allegation that Morton or any of his companies hosted fundraisers or coordinated activities with the Committee. And in fact they did not.

Under factor three, the timing between the campaign and the current proceeding is a sufficient cooling-off period. The Committee received contributions between fall 2013 and early spring 2014. It unlikely this matter will be submitted to this court before the spring of 2017. Indeed, the complaint in the current case was filed in September 2015, well after I had taken the bench on this court. Contrast this with *Caperton*, where the contributions came to a supreme-court candidate *after* a $50 million-dollar jury verdict had been rendered and the case's next stop was the exact court the candidate would be joining. 556 U.S. at 886. The Court found that "[i]t was reasonably foreseeable, when the campaign contributions were made, that the pending case would be before the newly elected justice." The same cannot be said here.

Under factor four, the issue on appeal involves class certification, and the appellees do not contend that this is an issue that should cause me to recuse. Last, under factor five,

which involves other facts known to the judge, I note that I have recused from cases involving significant contributions following each of my campaigns over the past eight years until a sufficient cooling-off period passed. I am treating this case and this contributor no differently. Additionally, while Arkansas is a small state and there are occasions for judges to intersect with potential counsel and litigants, I assure appellees and their counsel that I do not have a social or business relationship with Michael Morton or any of the businesses the appellees list.

In all, considering these factors and the surrounding circumstances as well as my duty to sit, I find that it would not be proper to recuse from this case. All judges have a duty to recuse when the situation warrants but we also have an equal duty to sit when the facts do not justify doing otherwise. Injustice occurs when one makes the wrong decision either way, which is why I certainly did not make this decision lightly. Injustice also would occur if litigants could manipulate the makeup of the court.

More than three years will have passed from when the contributions were made until this case is likely to be submitted to the court. I am not alone in finding that a significant length of time from when the contributions were made heavily weighs against recusal. For example, another judge facing a recusal motion stated that "it requires one further leap of logic to believe that [a] contribution would, years later, create an objective appearance of impropriety." *Dumas v. Auto Club Ins. Ass'n*, 789 N.W.2d 444, 445 (Mich. 2010) (Kelly, C.J.). I will make decisions impartially on this case and every case that comes before me.

Individual Motion to Recuse Denied.