Cite as 2019 Ark. 237

# SUPREME COURT OF ARKANSAS

No. CR-19-383

|  |  |  |
|---|---|---|
|  |  | Opinion Delivered: August 1, 2019 |
| SAMMIE L. THOMAS, JR. | APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR016-834] |
| V. |  |  |
| STATE OF ARKANSAS | APPELLEE | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
|  |  | MOTION TO DISQUALIFY TREATED AS MOTION TO RECUSE; DENIED BY JUSTICE WOMACK INDIVIDUALLY HEREIN. |

**SHAWN A. WOMACK, Associate Justice**

Sammie L. Thomas, Jr., has moved for my disqualification from this case on the basis that I previously recused from two cases handled by his appellate counsel, J. Blake Hendrix. Given that the motion seeks my disqualification alone, it has been referred to me by the court and shall be treated as a motion to recuse.[1] Therefore, the response that follows is mine. The motion is denied.

The asserted basis for my disqualification is that I previously recused from two cases where Mr. Hendrix was counsel of record. *See Elliott v. State*, CR-17-1069; *State v. Reynolds*,

---

[1] This court has historically treated motions to disqualify individual justices in this manner. *See Robinson Nursing and Rehabilitation Center, LLC v. Phillips*, 2016 Ark. 388, at 2, 502 S.W.3d 519, 520 (collecting cases).

CR-17-982. I voluntarily recused from those cases on October 19, 2018, without explanation. I was not obligated to explain my decision to recuse in those cases. *See Spradlin v. Ark. Ethics Comm'n*, 310 Ark. 458, 459, 837 S.W.2d 463 (1992) (Glaze, J., separate opinion). Nor am I required to state the reasons for my decision to remain on the case at bar. *See id.* But I believe it is beneficial to do so at this juncture in order to provide clarity for any pending and future cases involving Mr. Hendrix that come before this court.

At the time of my recusal in *Elliott* and *Reynolds*, there was a pending matter before the Judicial Discipline and Disability Commission (JDDC) against me and my fellow justices. *See* JDDC Case Nos. 17-181–87. Mr. Hendrix is an alternate attorney member of JDDC and was part of an investigative panel in the action. There was also a pending petition for writ of mandamus related to the JDDC action that I filed with four other justices against JDDC, its executive director, and its special counsel. *See Kemp v. Sachar*, 2018 Ark. 367. As a member of JDDC, Mr. Hendrix was an alternate respondent in that petition.

The decision to recuse generally rests within the discretion of the individual judge. *See Robinson*, 2016 Ark. 388, at 2, 502 S.W.3d at 520. But that decision must be guided by the fundamental principles found within the Arkansas Code of Judicial Conduct. The first canon of the code mandates that a judge "shall avoid impropriety and the appearance of impropriety." Ark. Code of Jud. Conduct, Canon 1; *see also id.* at Rule 1.2. The test for determining the appearance of impropriety "is whether the conduct would create in

reasonable minds a perception that the judge violated [the Code] or engaged in other conduct that reflects adversely on the judge's . . . impartiality[.]" *Id.* at Comment [5].

In keeping with the principles established by Canon 1, I believed my participation in Mr. Hendrix's cases before this court could have given rise to an appearance of impropriety while the JDDC and mandamus matters were ongoing. During the pendency of those matters, *Elliott* and *Reynolds* were ready to be submitted to this court for decision. I determined that my judicial obligations under Canon 1 made my voluntary recusal from those cases appropriate. On a separate case, from which I did not recuse, I declined to participate in a pending motion for review submitted by Mr. Hendrix on behalf of his client during that time. *See Cagle v. State*, No. CR-18-386 (Order, Nov. 1, 2018) (Womack, J., not participating).

The circumstances giving rise to my decision to recuse in *Elliott* and *Reynolds* have long since changed. The meritless JDDC action was dismissed on November 21, 2018. *See* JDDC Case Nos. 17-181–87 (Order, Nov. 21, 2018). Likewise, the petition for writ of mandamus was dismissed as moot on December 19, 2018. *See Kemp*, 2018 Ark. 367. There is accordingly no longer any reason for my recusal in Mr. Hendrix's cases. And so, another principle comes into play: my "duty to sit." A judge "shall hear and decide matters assigned to the judge, except when disqualification is required by Rule 2.11 or other law." Ark. Code of Jud. Conduct R. 2.7. In other words, when it is not necessary to recuse, it is necessary not to recuse. *See Villines v. Harris*, 359 Ark. 47, 49, 194 S.W.3d 177, 178 (2004).

3

This is true even when a justice had previously recused from the same case if the reason for disqualification is subsequently removed. *Id.* at 48, 194 S.W.3d at 178.

Mr. Thomas contends my recusal is necessary under Rule 2.11, which mandates disqualification "in any proceeding in which the judge's impartiality might reasonably be questioned[.]" Ark. Code of Jud. Conduct R. 2.11(A). He argues that my voluntary recusal in *Elliott* and *Reynolds* provides reasonable grounds for my disqualification under Rule 2.11. But it is well established that judges are presumed to be impartial. *See DePriest v. AstraZeneca Pharmaceuticals, L.P.*, 2009 Ark. 547, at 23, 351 S.W.3d 168, 180. Moreover, the question of impartiality, or bias, is "generally confined to the conscience of the judge." *Id.*

In any event, my decisions to recuse in *Elliott* and *Reynolds* and to not participate in a vote on a petition in *Cagle* were premised on Canon 1's admonition against the appearance of impropriety. Because the circumstances giving rise to my recusal in those cases have changed and there exists no other reason for my recusal, it is my duty under Rule 2.7 to remain on this case.

Motion to disqualify treated as motion to recuse; denied by Justice Womack individually herein.

HART, J., would grant.

WOOD, J., not participating.